B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Richard D. Bostwick | **DEFENDANTS** (1) The Classic Group <br> (2) Trustee Murphy & King <br> (3) United States Trustee <br> (4) Unknown Insurance Companies |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> No Attorney | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Request for Preliminary Injunction "To Not Close Case" FRBP (7)

2016 MAR 10 PM 2:34 US BANKRUPTCY COURT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ Preliminary Injunction |

Other Relief Sought

Problem of No Representation of Debtor's Estate in State Court

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR *The Classic Group Inc.* | BANKRUPTCY CASE NO. *11-10574-JNF* ||
| DISTRICT IN WHICH CASE IS PENDING *Massachusetts* | DIVISION OFFICE *Eastern* | NAME OF JUDGE *Joan N. Feeney* |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature: Richard D. Bostwick]* |||
| DATE *March 10, 2016* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Richard D. Bostwick* ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (EASTERN DIVISION)

| | |
|---|---|
| In re:<br>THE CLASSIC GROUP, INC.,<br>        Debtor, | Case No. 11-10574-JNF<br>Chapter 7 |
| Richard D. Bostwick<br>        Plaintiff<br><br>v.<br><br>(1) The Classic Group Inc. previously known as (p.k.a.) Classic Restorations, Inc.;<br>AND<br>(2) Case No. 11-10574-JNF Trustee - Harold Murphy, Murphy & King PC;<br>AND<br>(3) Case No. 11-10574-JNF United States Trustee;<br>AND<br>(4) Unknown Insurance Policy Entities/ Companies insuring The Classic Group, Inc, p.k.a. Classic Restorations, Inc. and their Officers and Directors;<br>        Defendants | Adv. Proc. No. |

## ORIGINAL COMPLAINT
## REQUEST FOR PRELIMINARY INJUNCTION
## and
## DEMAND FOR TRIAL BY JURY

**Attachments:**
Exhibit A:    Preliminary Injunction
Exhibit B:    Affidavit of Facts by Richard D. Bostwick
Exhibit Z:    Affidavit to Attach and Authenticate Exhibits

### JURISDICTION AND VENUE

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

1. This Adversary Proceeding relates to the following case in the United States Bankruptcy Court, District of Massachusetts, Eastern Division; namely, The Classic Group, Inc., Chapter 7 Debtor with Case No. 11-10574-JNF.

2. This Adversary Proceeding is pursuant to the Federal Rules of Bankruptcy Procedure; namely, Rule 7001(7) (to obtain an injunction or other equitable relief).

3. This Court has jurisdiction to consider this Adversary Proceeding pursuant to Title 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to Title 28 U.S.C. § 157(b)(2)(A) (administration of the estate) and Title 28 U.S.C. § 157(b)(2)(O) (liquidation of the assets...adjustment of the debtor-creditor...relationship...).

4. The following is stated in Title 28 U.S.C. § 157(b)(3); namely, "...A determination that a proceeding is not a core proceeding shall NOT be made solely on the basis that its resolution may be affected by State Law." However, if the Bankruptcy Judge determines that this Adversary Proceeding has elements of a non-core Proceeding then the Plaintiff, Richard D. Bostwick, does not consent to entry of final orders or judgment by the Bankruptcy Judge pursuant to the Federal Rule of Bankruptcy Procedure 7008(a).

5. Venue is proper in this District pursuant to Title 28 U.S.C. § 1408.

## IDENTITY OF PARTIES

6. The Plaintiff restates and incorporates the allegations of paragraphs 1-5.

7. Pro Se, Creditor, Plaintiff, RICHARD D. BOSTWICK is a resident of 44 Chestnut Street, P.O. Box 1959, Wakefield, MA 01880-5959.

8. Defendant, THE CLASSIC GROUP INC. previously known as (p.k.a.) CLASSIC RESTORATIONS, INC. is the Chapter 7 Debtor in the District of Massachusetts, Bankruptcy Court, Case No. 11-10574-JNF.

9. Defendant, Case No. 11-10574-JNF Trustee - Harold Murphy, Murphy & King PC, has a place of corporate residence of 1 Beacon Street, 21st Floor, Boston, MA 02108.

10. Defendant, Case No. 11-10574-JNF United States Trustee has a place of business of U.S. Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945.

11. Unknown Insurance Policy Entities/ Companies insuring The Classic Group, Inc, p.k.a. Classic Restorations, Inc. and their Officers and Directors have an Unknown Residence.

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

## REQUEST FOR LIMITATION OF NOTICE

12.    The Plaintiff restates and incorporates the allegations of paragraphs 1-11.

13.    Under the Local Bankruptcy Rules, Rule 9013-1 and Rule 9013-3; the Pro Se Creditor requests a "Limitation of Notice." The Request for Limitation of Notice is to Notify only those Individuals and Corporations indentified in this Original Complaint.

## INTRODUCTION

14.    The Plaintiff restates and incorporates the allegations of paragraphs 1-13.

### Introduction

15.    The Pro Se Plaintiff Moves for a Preliminary Injunction pursuant to Fed.R.Civ.P. Rule 65 and given Bostwick's Right to Due Process.

16.    A proposed Preliminary Injunction is documented in Exhibit A. The proposed Preliminary Injunction basically states;

"...We, therefore, in consideration of the Bostwick's Right to Due Process under the U. S. Constitution, Article VI, [2], Supremacy Clause and U.S. Constitution, Amendment V, Federal Due Process; do strictly enjoin and command you, the said Defendants, and all and every persons before named, to desist and refrain from CLOSING Case No. 11-10574-JNF until further Order of our Court, or some Justice thereof.

### Standard of Review

17.    In order to prevail on a Preliminary Injunction Motion, the Plaintiff must show (a) a substantial likelihood that it will ultimately prevail on the merits; (b) that Plaintiff will suffer irreparable injury unless the Injunction issues; (c) that the threatened injury to Plaintiff outweighs whatever damage the proposed Injunction may cause the Defendants; and (d) that the Injunction issued would not be adverse to the Public Interest. (See Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981), cited in Camel Hair and Cashmere Institute of America v. Associated Dry Goods Corp., 799 F.2d 6, 12 (1st Cir. 1986). In the present Case, Bostwick has clearly met all of these requirements. Consequently, the Court should Enjoin the Defendants with Bostwick's, Exhibit A Preliminary Injunction.

## SUMMARY OF FACTUAL BACKGROUND

18.    The Plaintiff restates and incorporates the allegations of paragraphs 1-17.

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

19. For the Factual Background, please refer to (1) Exhibit B, Affidavit of Facts by Richard D. Bostwick; (2) Exhibit Z, Affidavit to Attach and Authenticate Exhibits and (3) Exhibits Z1 through Z-5.

## LEGAL ARGUMENTS IN SUPPORT OF PRELIMINARY INJUNCTION

20. The Plaintiff restates and incorporates the allegations of paragraphs 1-19.

### Legal Arguments -- Meaning of Terms

21. "Supremacy Clause" means U.S. Constitution, Article VI, [2], "This Constitution, and the Laws of the United States...shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

22. "Judges Bound by Constitution" means U.S. Constitution, Article VI, [3], "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;"

23. "Right to Petition" means U.S. Constitution, Amendment I, "the right of the people...to petition the Government for a redress of grievances."

24. "Federal Due Process" means U.S. Constitution, Amendment V, "...nor shall any person...be deprived of life, liberty or property, without due process of law..."

25. "State Due Process" means U.S. Constitution, Amendment XIV, "nor shall any State deprive any person of life, liberty, or property, without due process of law;"

26. "Regulatory Taking" means U.S. Constitution, Amendment V, "nor shall private property be taken for public use, without just compensation."

27. "Bill of Attainder" means U.S. Constitution, Article I, Section 10, "No State shall...pass any Bill of Attainder."

28. "No Excessive Fines" means U.S. Constitution, Amendment VIII, "nor excessive fines imposed..."

29. "Equal Protection" means U.S. Constitution, Amendment XIV, "not deny to any person within its jurisdiction the equal protection of the Laws."

30. "Title 11 §§ 105, 106, 362" means U.S. Bankruptcy Code Title 11 §§ 105, 106, 362; namely, Title 11 § 105, Power of Court; Title 11 § 106, Waiver of Sovereign Immunity; Title § 362, Automatic Stay.

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

## **PLAINTIFF WILL SUFFER IRREPARABLE INJURY**
## **UNLESS THE INJUNCTION ISSUES**

31.    The Plaintiff restates and incorporates the allegations of paragraphs 1-30.

32.    On 02 December 2015, Bostwick filed in Middlesex Superior Court the following Case: Richard D. Bostwick v. 44 Chestnut Street et al, Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 1581CV05636. (See Exhibit Z-4).

33.    Under Richard D. Bostwick v. 44 Chestnut Street et al; Bostwick intends to Vacate the following Judgment under Mass.R.Civ.P. Rule 60; (1) Richard D. Bostwick v. The Commonwealth of Massachusetts, Department of Public Health; Leonard J. Sims et al and The Classic Group, Inc. et al; Commonwealth of Massachusetts, Middlesex Superior Court, Civil Action No.: 10-1775 (Now 1081CV01775) (See Exhibit Z-4, Count 12, Pages 37 to 38 of 43) under Mass.R.Civ.P. Rule 60(b)(4).

34.    First, there will be a "Relief from final Judgment, vacation, effect of attachment" under M.G.L. c. 231 § 96. Then there will be a "Dismissal of action or reversal or Vacation of Judgment; Commencement of New Action" under M.G.L. c. 260 § 32. Then there will be an Adjudicatory Hearing with the Department of Health. There may also be Appeals from the Results of the Adjudicatory Hearing with the Department of Health.

35.    It is Bostwick's personal knowledge that the Insurance Companies, if any, will NOT Defend the Bostwick v. Department of Public Health Civil, Action No.: 10-1775 (Now 1081CV01775) Case generally and its Adjudicatory Hearing and the possible Appeals in particular.

36.    It is Bostwick's personal knowledge and understanding that there is NO Representation for the Bostwick v. Department of Public Health Case. Given NO Representation, the Middlesex Superior Court may NOT Hear Bostwick v. Department of Public Health Civil, Action No.: 10-1775 (Now 1081CV01775). Given NO Representation, the Department of Public Health may NOT conduct an Adjudicatory Hearing.

37.    The Trustee Filed a Final Report and is in the process of Closing Bankruptcy Case No. 11-10574-JNF. However, there is NO Representation for the Bostwick v. Department of Public Health Case. If Bankruptcy Case No. 11-10574-JNF is Closed, then there is NO Defendant, The Classic Group Inc. previously known as (p.k.a.) Classic Restorations, Inc. to Prosecute. Consequently, the Middlesex Superior Court may NOT Hear Bostwick v. Department of Public Health Civil, Action No.: 10-1775 (Now 1081CV01775). Consequently, the Department of Public Health may NOT conduct an Adjudicatory Hearing.

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

38.   The Bankruptcy Court's Order states that this Court will NOT litigate Bostwick v. Department of Public Health Civil, Action No.: 10-1775 (Now 1081CV01775) because of the Rooker-Feldman doctrine. (See Exhibit Z-3, Pages 7 and 8.).

39.   The Bankruptcy Court's Order concerning Bostwick's Motion to Modify the Stay was DENIED, because, Bostwick was unable to establish that Insurance Coverage Exists. (See Exhibit Z-5, Last Page).

40.   The Closing of Bankruptcy Case No. 11-10574-JNF must be prohibited by Preliminary Injunction.

### INJURY TO BOSTWICK OUTWEIGHS DAMAGE TO DEFENDANTS

41.   The Plaintiff restates and incorporates the allegations of paragraphs 1-40.

42.   This Bankruptcy Case No. 11-10574-JNF has been Open since January 2011. Additional time is needed to resolve Bostwick's Rights to Due Process.

### THE PROPOSED INJUNCTION WOULD PROMOTE THE PUBLIC INTEREST

43.   The Plaintiff restates and incorporates the allegations of paragraphs 1-42.

44.   Given the Preliminary Injunction, the Commonwealth of Massachusetts could conduct an Adjudicatory Hearing for Bostwick and reduce their Post Deprivation Damage Liabilities to Bostwick.

### SUBSTANTIAL LIKELIHOOD PLAINTIFF WILL PREVAIL ON THE MERITS

45.   The Plaintiff restates and incorporates the allegations of paragraphs 1-44.

46.   Under the "Supremacy Clause," "Judges Bound By Constitution," "Right to Partition," "Federal Due Process," "Equal Protection" and "Title 11 §§ 105, 106, 362;" the Bankruptcy Court has a Duty and Obligation to Resolve the dilemma of (1) that there is NO Representation for the Bostwick v. Department of Public Health Case to include the Department of Public Health Adjudication and any Appeals and (2) if Bankruptcy Case No. 11-10574-JNF is Closed, then there is NO Defendant, The Classic Group Inc. previously known as (p.k.a.) Classic Restorations, Inc. to Prosecute.

47.   Given the nature of the Bostwick v. Department of Public Health Case; "State Due Process," "Regulatory Taking," "Bill of Attainder," "No Excessive Fines" and "Equal Protection" apply. Consequently, the Rules and Procedures of "Strict Scrutiny" apply.

Request for Preliminary Injunction
Adversary Proceeding concerning -- Chapter 7 -- Case No. 11-10574-JNF
Creditor: Richard D. Bostwick -- Debtor: The Classic Group, Inc.

48.    If the Bankruptcy Court Closes Case No. 11-10574-JNF; then Bostwick's Constitutional Rights have been Violated.

49.    The Trustee and/ or U.S. Trustee should represent the Debtor and Debtor's Estate in Bostwick's Litigations concerning the Bostwick v. Department of Public Health Case to include the Department of Public Health Adjudication and any Appeals

50.    WHEREFORE, the Pro Se, Creditor, Richard D. Bostwick, respectfully requests that this Court enter judgment for a Preliminary Injunction.

51.    The Pro Se, Creditor, Plaintiff, Richard D. Bostwick, declares under the pains and penalties of perjury and signs that the foregoing is true to include the Original Complaint's Exhibits.

*/s/ Richard D. Bostwick*                                          Date: 3/10/2016
Richard D. Bostwick
Pro Se, Creditor, Plaintiff
44 Chestnut Street,
P.O. Box 1959
Wakefield, MA 01880-5959
(781) 279-0789